UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              Case No. 8:24-cr-180-KKM-TGW

WESLEY ANDERSON,

     Defendant.

_____

## ORDER

Defendant Wesley Anderson moves to suppress evidence of illicit drugs obtained during a warrantless search of his former hotel room. Mot. to Suppress (Doc. 30) (MTS); *see* FED. R. CRIM. P. 12(b)(3)(C). For the reasons below, I deny that motion.

## I.   BACKGROUND

The morning of January 4, 2024, Lakeland Police officers arrested Anderson in a La Quinta hotel parking lot on an outstanding warrant for armed burglary and armed kidnapping. Tr. (Doc. 46) 8:1–7, 13:7–19, 14:25–15:16, 22:3–5. The officers placed Anderson in a patrol vehicle, where he remained while the police investigated

the hotel. *Id.* 16:20–21, 28:25–29:7. At the time of his arrest, Anderson was a guest

of the hotel not due to check out until the following day. *Id.* 25:18–26:6; *see* Gov't

Ex. 2 (Doc. 40-1) (La Quinta receipt).

With Anderson secure, LPD Officer Matthew Granas entered the hotel and

sought out the hotel manager, Jessica Medina. Granas Body-Worn Camera Footage

(BWC Footage) (Doc. 40 Ex. 1) 7:10–30. Officer Granas explained to Medina that

the police had arrested Anderson and asked her what room was his. *Id.* 7:30–8:05.

Medina asked if the police would retrieve Anderson's belongings from the room, and

Officer Granas said they would if she wanted them to. *Id.* 8:05–10; Tr. 17:21–24.

Medina responded, "Yeah, I mean, if there is a warrant." BWC Footage 8:10–15.

Officer Granas explained that the police believed that Anderson was involved in drug

dealing, and Medina responded that she did not want any drugs at the hotel and

asked that the police remove any drugs. *Id.* 8:15–35; Tr. 17:24–18:5. Medina further

explained that she was going to "lock the room out" so that currently issued keycards

could not access it. BWC Footage 8:40–55 ("I'm going to lock the room out while

we're up here – that way in case somebody does have a key – alright."). Officer Granas

understood that action to "signif[y] that [Medina had] authority over that room. She

[was] the property manager and she want[ed] whoever is in that room trespassed

2

from her hotel and she locked out the room, signifying she ha[d] sole authority now of that room." Tr. 18:13–16.

Medina led Officer Granas to the room registered to Anderson. *See, e.g.*, BWC Footage 9:15–10:45. When Medina knocked on the door, a man later identified as Mr. King answered it. *Id.* 10:45–50; *see* Tr. 19:22–20:3. Medina told King that "the police are coming in" and to "step on out." BWC Footage 10:50–11:00. As Officer Granas started to search King, Medina asked if he needed her anymore and told him "the door's open." *Id.* 11:10–25.

After an exchange with King, Officer Granas searched the hotel room and discovered a large quantity of methamphetamine sitting on a table. *Id.* 15:45–16:25; Tr. 24:13–17. At the time that he entered the room, Officer Granas "[a]bolustely" believed that Medina had given him the authority to enter the room because she had taken the room back over from Anderson. Tr. 23:11–22.

On April 25, 2024, a federal grand jury returned a one-count indictment charging Anderson with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Indictment (Doc. 1); *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).[1] Anderson moves to

suppress the evidence that Officer Granas obtained from Anderson's hotel room. *See*

*generally* MTS. I held an evidentiary hearing, (Doc. 39), and this motion is ripe for

resolution.

After the evidentiary hearing, Anderson submitted a pro se filing claiming

ineffective assistance of counsel.  Ineffective Assistance of Counsel Mot. (IAC Mot.)

(Doc. 45).

## II.    LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in

their persons, houses, papers, and effects, against unreasonable searches and seizures."

U.S. CONST. amend. IV. "No less than a tenant of a house, or the occupant of a room

in a boarding house, a guest in a hotel room is entitled to constitutional protection

against unreasonable searches and seizures." *Stoner v. California*, 376 U.S. 483, 490

(1964); *United States v. Newbern*, 731 F.2d 744, 748 (11th Cir. 1984) ("[A person's]

---

[1] On April 3, 2025, the grand jury returned a superseding indictment that additionally charges that
when Anderson committed the charged offense, he had "two final convictions for [] serious drug
felonies." Superseding Indictment (Doc. 42) at 1; *see* 21 U.S.C. § 841(b) ("If any person commits
a violation of this subparagraph . . . after 2 or more prior convictions for a serious drug felony . . .
have become final, such person shall be sentenced to a term of imprisonment of not less than 25
years.").

use of [a] motel room strictly for lodging provides the same expectation of privacy as would their home."). To deter unconstitutional police misconduct, the ordinary remedy for a Fourth Amendment violation is suppression of the unlawfully obtained evidence. *See Davis v. United States*, 564 U.S. 229, 236–38 (2011).

## III.   ANALYSIS

It is undisputed that Officer Granas lacked a warrant to search Anderson's hotel room. *See* Tr. 25:15–17. The government argues that Officer Granas's warrantless search was permissible because he reasonably believed that Medina, the hotel manager, had the authority to consent to his search of the room. Anderson maintains that the search was constitutionally impermissible and that the evidence must be excluded. The government has the better argument.[2] And Anderson's pro se IAC motion lacks merit.

### A. A Reasonable Officer Would Have Believed That the Hotel Manager Had the Authority to Consent to a Search

A warrantless search does not violate the Fourth Amendment when an officer reasonably believes that someone who consents to a search has the authority to do

---

[2] Because I conclude that Officers Granas's warrantless search was permissible because he reasonably believed that the hotel manager had the authority to consent, I do not address the government's arguments that the search was permissible as a protective sweep or that the evidence would inevitably have been discovered. *See* Resp. (Doc. 32) at 7–10.

so. *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990). That includes a hotel manager, though "the general rule is that a hotel employee does not have authority to consent to a warrantless search of a room rented to a guest." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (per curiam). Yet if an officer reasonably believes that control of a hotel room has reverted to hotel management, a search of the room with the hotel's permission is reasonable. *Id.*

Officer Granas had an objectively reasonable basis for believing that Medina, the hotel manager, had the authority to consent to a search of Anderson's hotel room. Florida law permits "[t]he operator of any public lodging establishment" to eject any guest

> who, while on the premises of the establishment, illegally possesses or
> deals in controlled substances . . . indulges in any language or conduct
> . . . which injures the reputation, dignity, or standing of the
> establishment . . . or who, in the opinion of the operator, is a person the
> continued entertainment of whom would be detrimental to such
> establishment.

509.141(1), Fla. Stat.; *see United States v. Ross*, 964 F.3d 1034, 1044 n.7 (11th Cir. 2020). Here, Officer Granas reasonably believed that Medina had retaken the room by ejecting Anderson at the time he searched it. Officer Granas's body-worn camera footage showed that (1) Anderson was in custody on a warrant for a violent offense;

(2) Medina had said that she locked Anderson out of the room, (3) Medina had removed King, Anderson's guest; (4) Medina told Officer Granas that the room was open for him; and (5) she asked Officer Granas to remove Anderson's personal belongings and any drugs he found in the room. Those facts made it reasonable for Officer Granas to have believed that Medina had retaken the room and had the authority to consent to a search.

This case has many similarities to *United States v. Mercer*. 541 F.3d 1070. In *Mercer*, the Eleventh Circuit held that a police officer reasonably believed that a hotel manager had the authority to consent to the search where the defendant had been arrested, staff had asked his visitor to vacate, and the staff had repeatedly checked the room to remove belongings. *Id.* at 1074–75. While that case had the added evidence that it was likely impossible for the defendant to return before his rental period expired (given the time necessary to post bail), it lacked a statement by a hotel manager that she was locking the arrestee out of the room, unlike here. *Id.*

To be sure, Medina never expressly said she wanted Anderson "trespassed" (to use the word Officer Granas employed to describe ejecting a hotel guest), or that she had ejected him. Tr. 17:21–18:5, 27:22–28:2. But Fourth Amendment inquiries are grounded in reasonableness, not the intoning of "magic words." *Fair v. Mills*, 230

F. Supp. 3d 1305, 1311 (M.D. Fla. 2017) (quoting *United States v. Gray*, 369 F.3d 1024, 1026 (8th Cir. 2004)). The facts recited above gave Officer Granas a reasonable basis for believing that Medina had the authority to consent to the room's search, regardless of the particular words Medina used.

In sum, Officer Granas had an objectively reasonable basis for believing that Medina had the authority to consent to the search of Anderson's former hotel room, so the search did not violate the Fourth Amendment. *See Rodriguez*, 497 U.S. at 186; *Mercer*, 541 F.3d at 1074.

### B. Anderson's Pro Se Ineffective Assistance Challenge Lacks Merit

In a pro se filing, Anderson attacks his counsel's preparation for and conduct at the evidentiary hearing on his suppression motion. *See generally* IAC Mot. His arguments lack merit for several reasons. First, represented parties generally must present arguments only through their counsel. *See* Local Rule 2.02(b)(3) ("If a lawyer represents a person in an action, the person can appear through the lawyer only."). A court may reject a pro se filing by a counseled defendant on that basis alone. *See United States v. Cruz*, 153 F. App'x 604, 605 (11th Cir. 2005) (per curiam) (citing Local Rule 2.02(b)(3)). Second, even if permitted, the ineffective counsel motion is premature. "[T]he very standard for prevailing on an ineffective-assistance-of-

counsel claim appears to preclude such claims prior to an actual conviction." *United States v. Carmichael*, 372 F. Supp. 2d 1331, 1333 (M.D. Ala. 2005); *see Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Third, even if the motion were not premature, Anderson's counsel's alleged errors did not alter the resolution of his motion to suppress. Anderson claims his counsel was ineffective for failing to attack the accuracy of Officer Granas's statements that he saw marijuana in Anderson's car and that Medina had called the police. *See* IAC Mot. at 3–5; *see also* Tr. 16:23–24, 17:12–17. Even if Anderson's counsel had succeeded in undermining Officer Granas's credibility on these points, Granas's body-worn camera footage provides independent and unassailable evidence that a reasonable officer in Officer Granas's place would have believed that Medina had the authority to consent to a search of Anderson's former room. *See generally* BWC Footage. As the Fourth Amendment inquiry is an objective one, *see Mercer*, 541 F.3d at 1074, Officer Granas's subjective beliefs about Medina's authority to consent are irrelevant, *see United States v. Spivey*, 861 F.3d 1207, 1215 (11th Cir. 2017) ("As long as the officers are engaging in 'objectively justifiable behavior under

the Fourth Amendment,' their subjective intentions will not undermine their authority to stop or search." (quoting *Whren v. United States*, 517 U.S. 806, 812 (1996))). Accordingly, attacking Officer Granas's credibility would not have changed the outcome on the suppression motion.

Anderson also notes throughout his motion that his counsel has not provided him with his discovery, protests her failure to call Medina as a witness, and makes other complaints about her timeliness in responding to requests and communications. *See generally* IAC Mot. As he does not explain how these alleged failings prejudiced his defense, they provide no basis for granting his motion. If Anderson is seeking other relief, he should file that as a separate motion.

## IV.    CONCLUSION

Accordingly, the following is **ORDERED**:

1. Defendant Wesley Anderson's Motion to Suppress (Doc. 30) is **DENIED**.

2. Defendant Wesley Anderson's Pro Se Motion for Ineffective Counsel (Doc. 45) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 14, 2025.

Kathryn Kimball Mizelle
United States District Judge

10